Shauck, J.
The judgment below must be affirmed unless there is error in the instruction that if the city removed subjacent and supporting material, it is liable for all resulting injuries to the soil, although the shaft and tunnel were constructed with skill and care.
The distinction made in the charge between the rules of liability for injury to the soil and to structures thereon is said to be justified by the doctrine of Cincinnati v. Penny, 21 Ohio St. 499. Whether it is or not, in view of all the circumstances of this case, we need not determine.
In considering the question before us, we are not aided by the adjudications elsewhere touching the measure of municipal liability in cases of this character. Beginning with Goodloe v. Cincinnati, 4 Ohio, 500, and continuing until the present, the courts of this state have held municipalities to a higher responsibility to the owners of lots abutting upon their streets than has been recognized elsewhere. This they have done with entire consciousness of their departure from the general line of decisions. Rhodes v. Cleveland, 10 Ohio, 160; Keating v. Cincinnati, 38 Ohio St. 141. In the latter cases the rule to be deduced from the earlier cases is clearly stated by White, J., to be: “In this state private property is entitled to the same protection as against all classes of corporations as against natural persons, subject to the right of appropriating such property to public use upon the terms of making full compensation.”
The plaintiffs below are, therefore, entitled to compensation for the injury to their soil, if, under the same circumstances, a recovery could be had against a natural person owning the soil adjacent. Courts and law writers seem to have endeavored to excel in the vigorous statement of the absolute right of the owner of soil in its natural state to have it supported by adjoining soil in its natural state. Such right is not an easement acquired by grant or prescription, but a natural right essential to the enjoyment of his own property and inhering *116 in his own title. In Gilmore v. Driscoll, 122 Mass. 199, it is said “that the right of support from adjoining soil for land in its natural state stands on natural justice, and is essential to the protection and enjoyment of property in the soil, and is a right of property which passes with the soil without any grant for the purpose. It is a necessary consequence of this principle, that for any injury to his soil, resulting from the removal of the natural support to which it is entitled, by means of excavating an adjoining tract, the owner has a legal remedy in an action at law against the party by whom the work has been done and the mischief thereby occasioned. This does not depend upon negligence or unskillfulness, but upon the violation’of a right of property which has been awarded and disturbed.” This doctrine is approved in Keating v. Cincinnati. The same doctrine has been asserted with equal vigor in Washb. on Easements, *p. 430-437, and Wood on Nuisances, p. 200 etseq., and in the numerous cases there cited. No bounds are placed to the application of this doctrine, nor are any conditions to the right of action for such injuries recognized.
A majority are of the opinion that we should accept the doctrine thus stated as authoritative, and adjudge that the plaintiffs below are entitled to maintain the action for injury to this soil.
I am much inclined to a different conclusion. Without questioning the soundness of the general doctrine stated, or the propriety of .its application» in any of the cases cited, there seems to be g rational and proper distinction offered by the circumstances of this case. It involves, in an important sense, the settled principles.of the law with relation to percolating waters. True, the contention does not concern the usufructuary right in percolating waters, and, therefore, the controversy is not determined against the plaintiffs below by Elster v. Springfield, 49 Ohio St.--, and Frazier v. Brown, 12 Ohio St. 294. But in view of the evidence and the instruction the judgment under review, must stand, if at all, upon the *117 proposition that if one proceed with skill and care, and without malice, to drain his own land for a lawful purpose, he is liable to the adjacent proprietor for such injuries as may result to his soil from the withdrawal of its natural support, even though such support consists of percolating waters and sand of such nature and so blended with the waters as to be inseparable from them. Such limitation upon proprietary rights does not seem to be warranted by the cases cited. However broadly the doctrine as to the right of natural support may be stated in Gilmore v. Driscoll and Keating v. Cincinnati, and the many cases of like import, it is laid down only with reference to the removal of obvious support from which there may be cause to anticipate the injury. It has in no case been held that although one has the right to take percolating waters, he is nevertheless liable for injuries resulting therefrom even though he take them with skill and care, and without malice. There is respectable authority for the conclusion that there is no liability in such a case. Gould on Waters, sec. 289; Goddard on Easements, p. 57; Popplewell v. Hodkinson, L. R. 4 Ex. 248. But applying the doctrine stated and approved in Keating v. Cincinnati, the judgment will be affirmed.
Paul Jones and Florizel Smith, for plaintiff in error.

Taylor, Taylor & Taylor, contra.